UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                     Plaintiff,                   CRIMINAL NO.10-cr- 20601

-vs-                                       HON. JOHN CORBETT O'MEARA

RANDY STEWART,

                     Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Susan E. Gillooly, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding defendant RANDY STEWART, who is scheduled to be sentenced on November 29, 2011, at 2:15 p.m.  For the reasons provided below, the government recommends a sentence within the Guideline range of 70 - 87 months imprisonment.

I.      BACKGROUND

On October 7, 2010, Defendant was indicted in a four  count indictment with  Possession with Intent to Distribute a Controlled Substance(s), in violation of 21 U.S.C. §841(a). On June 27, 2011, Defendant entered a plea of guilty to Counts Two-Four  of the Indictment which charges Possession with Intent to Distribute Controlled Substance.   Defendant plead guilty pursuant to a  Rule 11 plea agreement.  The Rule 11 plea agreement anticipated guidelines of 70-87 months, based upon a criminal history category of III  and base offense level of 25.  In the Rule 11 Plea Agreement Defendant specifically acknowledged  a mandatory minimum sentence of 60 months' imprisonment, based upon the amount of crack cocaine possessed.   The Probation

Department has calculated the guidelines to the same as in the Rule 11 Plea Agreement.(PSR ¶55). The PSR indicates guidelines of 70 -87 months, based upon a total offense level of 25 and a Criminal History Category of III.

Since the execution of the Rule 11 plea agreement, Congress has adopted new Statutory Mandatory Minimum Sentencing Laws for Crack Cocaine Offenses under the Faire Sentencing Act of 2010.  As such, the 60 month mandatory minimum sentence is no longer applicable in Defendant's case.  A letter explaining the government's position regarding this issue was forwarded to the court on October 28, 2011.

The criminal charges arose following the execution of a search warrant at Defendant's residence on Omaha Street in Detroit, MI.  Durng the search the officers recovered a Mossberg shotgun, digital scale, marijuana, crack cocaine and  powder cocaine. Laboratory analysis confirmed the amounts as 531.3 grams of marijuana, 9.55 grams of cocaine and 11.79 grams of crack cocaine.  Defendant is being held responsible for the equivalent of 238.24 kilograms of marijuana, and a firearm.

II.    SENTENCING CALCULATION

    A.    Statutory Maximum Sentence

Count Two:    As set  forth in 21 U.S.C. § 841(b), the maximum sentence that may be imposed  on Defendant is 5 years' imprisonment, a $250,000 fine, and a $100 special assessment.

Count Three:  As set forth in 21 U.S.C. §841(b), the maximum term of imprisonment is 40 years, a $2,000,000 fine, and a $100 special assessment.

Count Four:    As set forth in 21 U.S.C. §841(a)(1)(C), the maximum term of imprisonment is 20 years, a $1,000,000 fine, and a $100 special assessment.

B. Sentencing Guidelines Calculations.

Defendant's guidelines are as follows:

*Base Offense Level*

Count 2:

Possession With Intent to Distribute   USSG §2D1.1(c)(7), Base Offense Level is 26 (Based upon between 100 kg and less than 400 kg marijuana)

Possession of a Firearm in Connection with  Drug Trafficking +2

Defendant plead guilty to the charges. He is given a 3 point deduction under U.S.S.G.§3E1.1(a) and (b), to reduce his offense level to 25

*Criminal History Category*:

Prior Convictions = 6 Points
_____

Total is 6 points, Category III

The applicable guideline range is 70 - 87 months.


III.   **GOVERNMENT'S RECOMMENDATION**

As set forth in the PSR, based upon Defendant's criminal history and the underlying criminal conduct, Defendant  falls within the sentencing guideline range of 70-87 months. For the reasons set forth below, the government respectfully recommends that the Court impose a period of incarceration within the  Guidelines range and in accordance with the Rule 11 plea agreement.  Such a sentence would recognize the seriousness of Defendant's criminal conduct.

A sentence in the guideline range calculated by the Rule 11 plea agreement appropriately

-3-

takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the

circumstances and facts of Defendant's case, is reasonable.  Section 18 U.S.C.§3553 provides:

(a) Factors to be considered in imposing a sentence.--The court shall impose a
sentence sufficient, but not greater than necessary, to comply with the purposes
set forth in paragraph (2) of this subsection.  The court, in determining the
particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law,
and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;  and

(D) to provide the defendant with needed educational or vocational training,
medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category
of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of
title 28, United States Code, subject to any amendments made to such
guidelines by act of Congress (regardless of whether such amendments have
yet to be incorporated by the Sentencing Commission into amendments
issued under section 994(p) of title 28;  and

(ii) that, except as provided in section 3742(g), are in effect on the date the
defendant is sentenced;  or

(B) in the case of a violation of probation or supervised release, the applicable
guidelines or policy statements issued by the Sentencing Commission
pursuant to section 994(a)(3) of title 28, United States Code, taking into
account any amendments made to such guidelines or policy statements by act

-4-

of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);  and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;  and

(7) the need to provide restitution to any victims of the offense.

Defendant' first felony conviction occurred at age 21, when he was convicted following a jury verdict, of Assault with Intent to Do Great Bodily Harm - Less than Murder and Felony Firearm. He received a sentence of 2-10 years in prison for that offense. He violated his parole and was re-sentenced. He was ultimately discharged from parole on February 28, 2002. (PSR, ¶29).  In 1998, Defendant was convicted of Possession of Cocaine, less than 25 grams and was sentenced to 3 months - 4 years custody.  During the period of his parole, he violated one time. (PSR, ¶31).  Defendant has one other arrest for Public Order Crime in 2002.  Although not extensive, his criminal record includes offenses involving  violence, firearms and narcotics.

Defendant has five (5) children with his present girlfriend. He has 3 other children from a prior relationship. (PSR, ¶39).  Defendant admittedly uses marijuana and powder cocaine. He has also used ecstasy.  He attended a substance abuse treatment program in the past, but feels more treatment and counseling is needed.  Defendant has earned his GED and has

participated in a machinist training program.  He was employed at the time of his arrest. He clearly has the potential to again gain lawful employment.

Defendant was previously convicted of a drug offense and an offense involving the possession and use of a firearm. He served a prison term for his conduct in each of those cases. Yet, in this matter, he was again selling drugs and possessing firearms.   Defendant's conduct in the instant case is serious. Even while employed, and trying to support his family and children, he turned to narcotics trafficking. He sold the narcotics from his home and his vehicle. Clearly displaying a lack of disregard for his children and their safety. He possessed a firearm while selling narcotics. The evidence reflects that at the time of the search warrant execution, the firearm was found in plain view, on top of the living room couch. Narcotics, packaging materials and a scale were found on the kitchen counter.  It is clear that Defendant's prior convictions and sanctions had little deterrent effect on him.  Likewise, his desire to provide a good  example for his children also had little deterrent effect. A sentence imposed within the calculated guideline range would be appropriate to address these concerns and provide a strong deterrent to further criminal activity.

*Conclusion*

Wherefore, the Government respectfully requests that this Honorable Court sentence Defendant to a term of imprisonment in the range of 70-87 months, as anticipated by the

parties in the Rule 11 plea agreement entered into in this matter and the PSR report.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


 _s / Susan E. Gillooly (P41908)_
SUSAN E. GILLOOLY
Assistant United States Attorney
211 West Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9577

Dated: November 22, 2011


**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2011, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system which will send notification of

such filing to the following:

Stacey Studnicki, Esq.
Email: stacey_studnicki@fd.org


_s/Susan E. Gillooly P41908_
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9577
E-mail: susan.gillooly@usdoj.gov